UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE SIMKINS, an incapacitated person, by her guardian, Kristi Simkins, KRISTI SIMKINS and PATRIC ROGERS; and CHRISTER PERSSON,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-578<br><br>ORDER ON NEW YORK LIFE INSURANCE'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant New York Life Insurance's ("NYL") Motion for Protective Order Limiting The Scope of 30(b)(6) Depositions. Dkt. No. 27. The Court has considered the papers filed in support of and opposition to the motion. Having reviewed the relevant record, and finding oral argument unnecessary, the Court GRANTS in part and DENIES in part NYL's motion.

## 1. BACKGROUND

Plaintiffs bring causes of action against NYL arising out of a Long-Term Care policy Diane Simkins purchased from the company. Dkt. No. 11. Plaintiffs have amended their complaint once and have a pending motion to amend noted for consideration on October 6, 2023, which subsumed an earlier motion to amend this Court had not yet ruled on. Dkt. Nos. 14, 29 at

ORDER ON NEW YORK LIFE INSURANCE'S MOTION FOR PROTECTIVE ORDER - 1

10. Thus, the Court will treat the first amended complaint as the operative complaint for this motion. *See* Dkt. No. 14.

Plaintiffs served NYL with a Rule 30(b)(6) deposition notice on June 16, 2023, an Amended Notice of Videotaped Rule 30(b)(6) Deposition on June 29, 2023, and a second amended Rule 30(b)(6) videotaped deposition notice on September 6, 2023. Dkt. Nos. 28-10, 28-11, 28-12. NYL filed its Amended Objections on June 27, 2023, and its Second Amended Objection on September 8, 2023. Dkt. Nos. 28-13, 28-14. The 30(b)(6) deposition was scheduled for September 29, 2023. Dkt. No. 27 at 3. NYL moves for a protective order regarding 23 of Plaintiffs' proposed deposition topics. Dkt. No. 27. NYL represents that it waited until September 21, 2023, to move for protective order in response to Plaintiffs' request "that NYL postpone the filing of this motion so as to conduct internal review and assessment . . .," but that "[t]o date, no explanation has been provided for the basis for the postponement." *Id*. at 3. NYL further represents that its many calls and emails to Plaintiffs have gone unanswered, but that "[t]he parties continue to work collegially to reach resolution but not in time for the filing of this motion." *Id*. NYL requested that its motion be decided on an expedited basis, but it did not request a truncated briefing schedule. Dkt. No. 27 at 1. NYL's reply, filed September 29, 2023, did not indicate whether the 30(b)(6) deposition went forward as planned. *See* Dkt. No. 35.

## 2.  ANALYSIS

**2.1.  Legal Standard.**

Under Fed. R. Civ. P. 30(b)(6), "a party may serve notice on an organization that describes 'with reasonable particularity the matters on which examination is requested.'" *Boyer v. Reed Smith, LLP*, No. C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013). The designated person must testify "'to the matters known or reasonably available to the organization.'" *Id*. (citing Fed. R. Civ. P. 30(b)(6)).

ORDER ON NEW YORK LIFE INSURANCE'S MOTION FOR PROTECTIVE ORDER - 2

"[O]nce the witness satisfies the minimum standard for serving as a designated witness, the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Klopman-Baerselman v. Air & Liquid Sys. Corp.*, No. 3:18-CV-05536-RJB, 2019 WL 5227332 (W.D. Wash. Oct. 16, 2019), at *2 (internal quotation marks omitted) (cleaned up) (citing *Detoy v. City and Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *see also EEOC v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006)). Even if relevant, however, a Rule 30(b)(6) notice may only ask about topics that are proportional to the needs of the case and that describe the topics for examination with a reasonable degree of particularity. *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018). When it comes to proportionality, courts consider six factors, including the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

And while Rule 26 is to be construed liberally, including to permit discovery of information outside the pleadings, courts must limit the frequency or extent of discovery otherwise allowed if they determine that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The Court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order carries a heavy burden of showing why discovery should be denied. *Klopman-Baerselman*, 2019 WL 5227332, at *2- (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

District courts have significant discretion in controlling discovery. *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, No. MC23-56RSL, 2023 WL 5533575, at *4 (W.D. Wash. Aug. 28, 2023) (citing Fed. R. Civ. P. 26(b)(1)); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). Likewise, District courts have broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

**2.2.    The Court limits the date range of many of Plaintiffs' proposed topics.**

NYL objects to many of Plaintiffs' proposed deposition topics as overly broad and unduly burdensome to the extent that they are "not limited in temporal scope." To be sure, there is nothing inherently overbroad about discovery requests that span multiple years, but the Court agrees as a general matter that Plaintiffs' failure to limit the date range of certain deposition topics unduly burdens NYL. This problem is easily cured, however, by narrowing the timeframe of the proposed topics. NYL proposes limiting the relevant inquiry to "around" the time Simkins's policy lapsed, so around November 2018. *See* Dkt. Nos. 27 at 6; 28-6. While Plaintiffs suggest that date she bought the policy, so about July 2008, is an appropriate limit. *See* Dkt. Nos. 31 at 12; 28-1. Neither party offers a convincing rationale for its proposal. And while Plaintiffs' expert, Elliott Flood, offered a bunch of background information and other context in his lengthy declaration, he failed to discuss or justify any time limits. *See* Dkt. No. 32. Thus, the Court will exercise its discretion to limit the scope of Plaintiffs' requests to the relevant period of January 1, 2016—the time Plaintiffs allege as the onset of Simkins's dementia symptoms and any cognitive impairment that would have contributed to her lapsed policy—to present. *See* Dkt. No. 11 at 3.

Thus, NYL's motion is granted in part and denied in part, and the topics below will be limited to the period from January 1, 2016, to present:

- Topic 2. Your systems for creating and maintaining documents (including electronic information relating to claims) relating to insurance claims such as the claim of the plaintiffs.

- Topic 3: Your systems for intraoffice communicating relating to claims, including email, Teams, Slack, or any other system.

- Topic 4: Your systems for disseminating policies, procedures, protocols, trainings, or other guidance or requirements to employees relating to claims handling.

- Topic 22: Any and all plans, policies, protocols, and procedures for saving money, cutting costs, improving results or similar performance standards for the claims department, however described and whatever called.

- Topic 23: All strategies or other documents related to not "overpaying" claims, however described and whatever called.

- Topic 24: All documents regarding bonuses, compensation, incentives or other incentives given or paid to claims representatives, claims managers or their supervisors.

- Topic 37: All documents, metrics, analyses or other studies, including managerial synopses thereof, assessing the cost savings to New York Life of failing to reinstate lapsed policies, applying conditions to reinstatement of lapsed policies.

- Topic 38: All metrics, measurements, analyses, including managerial synopses thereof relating to the number of policies issued by New York [l]ife which lapse as a result of cognitive impairment.

NYL's request for a protective order related to these proposed topics is denied in all other respects.

**2.3.    The Court Grants in part and denies in part NYL's motion.**

The Court turns to NYL's objections to Plaintiffs' proposed deposition topics:

**Topic 12: Your estimates of the damages related to the loss.**

Plaintiffs argue that "[i]f NYL has no estimate it should say so," and that Plaintiffs are "entitled to know NYL's position—if it has one—and not required to learn through bandying

witnesses." Dkt. No. 31 at 13. This request is substantially vague. Plaintiffs do not explain what "damages" or "loss" they are referring to in relation to their claims, and their response to NYL's "position" provides no clarity. *See id*. NYL's motion is GRANTED on this topic and the Court STRIKES Topic 12 from Plaintiffs' Rule 30(b)(6) Notice.

**Topic 13: All duties owed by insurers and their agents to the insured in long term care insurance cases.**

Plaintiffs request that NYL designate a witness to testify about "all duties" owed by apparently all insurers and their agents in apparently any "long term care insurance cases." This request is overbroad. Thus, NYL's motion is GRANTED in-part. But NYL must respond to Plaintiffs' requests for its understanding of its duties as an insurer, including any policies it may have to conform to those duties, owed to Simkins as its insured. Plaintiffs should avoid seeking legal conclusions from NYL's designated witness, including testimony about whether a particular NYL policy or action was consistent with the law. *See, e.g.*, *Burton v. AbbVie, Inc.*, No. 222CV05920FMOMAR, 2023 WL 4677024, at *5 (C.D. Cal. June 21, 2023) ("[L]egal conclusions . . . should not form the basis for Rule 30(b)(6) deposition topics.") (cleaned up) (internal quotations omitted) (citing *3M Co. v. Kanbar*, No. C06-01225 JW HRL, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007)).

**Topic 14: The obligation of your representatives to comply with WAC Regulations and/or any other industry standards in long term care insurance claims.**

NYL's motion is GRANTED in-part consistent with this Court's order on Topic 13.

**Topic 16: All communications of any kind relating to the subject claim.**

NYL moves for a protective order related to Topic 16 regarding "attorney/client privilege and/or the work product doctrine." NYL may raise this objection to specific questions or for specific documents. NYL's motion on Topic 16 is DENIED.

ORDER ON NEW YORK LIFE INSURANCE'S MOTION FOR PROTECTIVE ORDER - 6

**Topic 17: All bad faith cases or complaints involving long term care insurance claims lodged against in the State of Washington within the last ten years.**

Plaintiffs state that other "bad faith cases are highly relevant to ours" because "[l]ooking only at the public interest component of consumer protection cause of action, it is clear that the conduct of the insurer must be evaluated by the jury." Dkt. No. 31 at 14. Plaintiffs contend that the same is true "of the judge evaluating injunctive relief claims." *Id*. This request is overbroad and the Court fails to grasp how other cases or complaints, not involving Simkins, are relevant here. Plaintiffs' contention that other cases will shine light on the public interest element of a Consumer Protection Act cause of action is unconvincing. *See, e.g.*, *Indus. Indem. Co. of the Nw. v. Kallevig*, 792 P.2d 520, 529 (Wash. 1990) (discussing violations of Washington's insurance policies as per se unfair trade practices and violations of Washington's Consumer Protection Act). The same goes for Plaintiffs' contention regarding injunctive relief under Consumer Protection Act. NYL's motion is GRANTED and the Court STRIKES Topic 17 from the Rule 30(b)(6) deposition notice.

**Topic 18: The contents and location of the personnel files of Lisa Eufracio, Michael Flanigan and Phillip Diskerud and any other person who worked on the subject claim.**

The personnel files of NYL employees are irrelevant to Plaintiffs' claims in the amended complaint. NYL's motion is GRANTED in-part for Topic 18, except that Plaintiffs may inquire, generally, about NYL's "goals, bonuses, and incentives, game plans" for any person who worked on the subject claim.

**Topic 21. Your interpretation and analysis of the coverages applicable to the subject loss.**

This request is substantially vague. Plaintiffs fail to meaningfully respond. NYL's motion is GRANTED and the Court STRIKES Topic 21 from the Rule 30(b)(6) deposition notice.

**Topic 29. All claims against New York Life for failing to reinstate policies when lapsed occurs as a result of the cognitive deficits.**

Plaintiffs do not respond to NYL's objection to Topic 29. Topic 29, requesting "all claims" against NYL is overbroad, substantially vague, and irrelevant. NYL's motion is GRANTED in-part. Plaintiffs may ask about information related to NYL's failure to reinstate Diane Simkins's policy because of cognitive deficits.

**Topic 30. All claims against New York Life for failing to reinstate a lapsed policy.**

Topic 30, requesting "all claims" against NYL is overbroad, substantially vague, and irrelevant. NYL's motion is GRANTED in-part. Plaintiffs' inquiry is limited to information related to NYL's failure to reinstate Diane Simkins's lapsed policy.

**Topic 31. All claims against New York Life for punitive damages where New York Life has failed to properly pay benefits owed to any insured under a long-term care policy.**

Topic 31, requesting "all claims" against NYL is overbroad, substantially vague, and irrelevant. NYL's motion is GRANTED. The Court STRIKES this topic from the Rule 30(b)(6) Notice.

**Topic 32. All claims against New York Life for punitive damages where New York Life has failed to properly pay benefits owed to any insured under a long-term care policy.**

Topic 32, requesting "all claims" against NYL is overbroad, substantially vague, and irrelevant. NYL's motion is GRANTED. The Court STRIKES this topic from the Rule 30(b)(6) Notice.

**Topic 33. All verdicts against New York Life for punitive damages for failing to properly apply policy provisions.**

Topic 33, requesting "all verdicts" against NYL is overly broad, substantially vague, and irrelevant. NYL's motion is GRANTED. The Court STRIKES this topic from the Rule 30(b)(6) Notice.

**Topic 34. All verdicts against New York Life for bad faith, consumer protection claims, consequential damages, punitive damages for failing to honor terms of its insurance contracts within the last 15 years.**

Topic 34, requesting "all verdicts" against NYL, including for the last 15 years, is overly broad, substantially vague, and not relevant to Plaintiffs' action. NYL's motion is GRANTED. The Court STRIKES this topic from the Rule 30(b)(6) Notice.

**Topic 35. All market conduct analyses by any insurance regulator in any state regarding practices of New York Life or denying benefits, failure to reinstate, bad faith, consumer protection or similar claims, however described.**

Topic 35 is overbroad, substantially vague, and does not seek information relevant to Plaintiffs' claim. NYL's motion is GRANTED. The Court STRIKES this topic from the Rule 30(b)(6) Notice.

**Topic 39: All documents that relate to New York Life's interpretation, construction, drafting, or understanding of the "Added Protection Against Lapse" provision.**

NYL's motion for Topic 39 is DENIED. NYL may raise specific objections to questions or documents containing work production or attorney-client privileged information.

**Topic 41: Certification that the defendant has produced all documents and other ESI responsive to the Simkins family's pending discovery requests.**

NYL represents that it continues its efforts to produce documents in response to Plaintiffs' discovery requests. NYL's motion for Topic 41 is GRANTED.

### 3. CONCLUSION

These disputes, particularly those relating to scope, could have been resolved between the parties. The Court reminds the parties of their obligation to confer in good faith to resolve their differences around discovery.

It is so ORDERED.

Dated this 6th day of October, 2023.

_____
Jamal N. Whitehead
United States District Judge