1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12
13
14

| | |
|---|---|
| DIANE SIMKINS, an incapacitated person, by her guardian, Kristi Simkins; KRISTI SIMKINS and PATRIC ROGERS; and CHRISTER PERSSON,<br><br>            Plaintiff,<br><br>   v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 23-cv-578<br><br>ORDER GRANTING LEAVE TO AMEND COMPLAINT |

15
16
17

     This matter comes before the Court on Plaintiffs Diane Simkins, Kristi Simkins, Patric Rogers, and Christer Persson's motion for leave to amend their amended complaint. Dkt. Nos. 14, 29. The Court GRANTS the motion.

18

## 1. BACKGROUND

19
20
21
22
23

     This action was removed from state court on April 14, 2023. Dkt. No. 1. Plaintiffs sued Defendant New York Life Insurance Company ("NYL") for damages arising from its handling of the Long-Term Care policy Diane Simkins purchased from the company. Dkt. No. 11. NYL answered Plaintiffs' amended complaint on

June 5, 2023. Dkt. No. 13. On June 8, 2023, Plaintiffs moved to amend the amended complaint to add an Insurance Fair Conduct Act claim, RCW 48.30.015. Dkt. No. 14. NYL objected to Plaintiffs' first motion to amend. *See* Dkt. No. 16.

While that motion was pending, and following the death of Diane Simkins on June 30, 2023, Plaintiffs filed a second motion to amend on September 21, 2023. Dkt. No. 29. In their second motion, Plaintiffs requested leave "[t]o substitute the Estate of Diane Simkins as a party" and to add Illumifin Corporation as a Defendant. Dkt. No. 29 at 3. Plaintiffs stated this motion would "subsume" their earlier motion requesting leave to add an IFCA claim. *Id.* They ask the Court to overrule NYL's objections to that request. *See id.* NYL incorporated its previous objections into its opposition to this motion. *See* Dkt. Nos. 16, 37.

## 2.  ANALYSIS

### 2.1    Motion to amend.

A party may freely amend their complaint once as a matter of right within 21 days after a complaint is served or 21 days after service of an answer or Rule 12 motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). A party may otherwise only amend their complaint with consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). District courts will typically grant leave to amend unless amendment (1) is sought in bad faith; (2) will cause undue delay in the litigation; (3) prejudices the opposing party; or, (4) is futile. *Id.*

Because Plaintiffs amended their complaint once as a matter of right on May 3, 2023, they can do so again only with leave of Court or NYL's consent. Dkt. No. 11. NYL does not object to Plaintiffs' request to add Illumifin Corporation as a defendant, but it objects to Plaintiffs' proposed amendment to add an IFCA claim and to substitute Diane Simkins's estate now that she is deceased. Dkt. No. 37. The Court considers Plaintiffs' requests and NYL's objections in-turn.

### 2.1.1   Plaintiffs may amend their complaint to add an IFCA claim.

Under IFCA, a party is required to provide notice to an insurer 20 days before filing an action. RCW 48.30.015(8). Plaintiffs argue the Court should allow them to amend the complaint to add their IFCA claim because "there is more than sufficient basis to allege an IFCA claim." Dkt. No. 29 at 9. NYL objects, arguing Plaintiffs have failed to satisfy the statutory conditions precedent to bring an IFCA claim. *See* Dkt. No. 16. NYL does not tether its argument to the standard of review for a motion to amend, but the Court construes its argument as one rooted in the alleged futility of the proposed amendment (i.e., Plaintiffs' request should be denied because their alleged failure to provide notice under IFCA makes the claim futile). *See AmerisourceBergen Corp.*, 465 F.3d at 951. Plaintiffs argue, however, that they have provided the requisite notice.

Each party has submitted documents in support of their position. *See* Dkt. Nos. 15-17, 30, 41-42. NYL included a declaration from NYL's counsel stating that NYL could not find the notice letter Plaintiffs claim they sent to the Washington Office of Insurance Commissioner and NYL. Dkt. No. 17. Plaintiffs filed a declaration and attachments stating that they sent NYL their IFCA notice, and

ORDER GRANTING LEAVE TO AMEND COMPLAINT - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

they include a return receipt addressed to NYL at an address of 51 Madison Avenue, New York, NY. *See* Dkt. No. 20 at 4. The return receipt is stamped with "Received," the date "April 18, 2023," and "New York Life Insurance Co." *See* Dkt. No. 20 at 4. NYL does not specifically address Plaintiffs' declaration and attachments purporting to establish service but stands on its initial objection. *See* Dkt. No. 16 at 1.

The Court finds that Plaintiffs could have a plausible IFCA claim and that the claim is not futile. Even if NYL maintains its objection that Plaintiffs have failed to provide proper notice under IFCA, the Court will not engage in fact-finding on the issue at this point in litigation; NYL can bring a dispositive motion if it still believes Plaintiffs have failed a condition precedent for an IFCA claim once the complaint is crystallized. Thus, NYL offers no facts showing, and the Court finds no indication of, bad faith, undue delay, or prejudice with Plaintiff's proposed amendment to add an IFCA claim. *See AmerisourceBergen Corp.*, 465 F.3d at 951.

### 2.1.2   Since NYL has consented, Plaintiffs may amend their complaint to add Illumifin Corporation as a defendant.

Plaintiffs request to add Illumifin Corporation as a defendant. In its opposition brief, NYL states that it does not object to adding Illumifin as a defendant. Dkt. No. 37 at 3. The Court construes NYL's position as written consent to amend, adding Illumifin as a named defendant, and thus the Court need not analyze the issue further. *See* Fed. R. Civ. P. 15(a)(2).

ORDER GRANTING LEAVE TO AMEND COMPLAINT - 4

1

2

**2.2    Plaintiffs may substitute Diane Simkins's estate as a plaintiff.**

Rule 25 allows for a substitution of a party when a party dies and "the claim is not extinguished." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* A motion to substitute must be made "within 90 days after service of a statement noting the death." *Id.*; *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). A "substituted party steps into the same position as [the] original party." *Hilao*, 103 F.3d at 766 (citation omitted).

Diane Simkins died on June 30, 2023. Dkt. No. 29 at 10. Plaintiffs moved to substitute her estate as a plaintiff 83 days later, with Kristi Simkins acting as personal representative for the estate. Dkt. No. 29 at 8, 10. NYL objected to substitution, claiming only that Kristi Simkins is not a proper personal representative for Diane Simkins's estate under Washington law.[1] *See* Dkt. No. 37 at 2-3.

Plaintiffs respond that "[a] probate in King County Superior Court is presently being opened" and they provide a declaration with a copy of Simkins's will, naming Kristi Simkins as personal representative. Dkt. Nos. 40 at 3; 41 ¶ 2. Plaintiffs also filed a supplemental declaration on October 17, 2023, which included a state court "Order Admitting Will To Probate, Appointing Personal

---

[1] NYL also implies that Plaintiffs failed to meet and confer before filing their motion and that filing "a motion for substitution in accordance with Fed. R. Civ. P. 25(a) might have been the better practice," but neither suggestion is well taken. Dkt. No. 37 at 2. First, there is no conferral requirement before moving to amend. Second, although Plaintiffs have styled their request as a motion to amend, they seek leave to substitute Diane Simkins's estate as a party with specific reference to Rule 25(a).

Representative, Finding Estate Solvent And Granting Nonintervention Powers."
Dkt. No. 42-1. NYL did not object to Plaintiffs' supplemental or its attached
documents, including the court order. *See* Dkt.

Accordingly, Plaintiffs have adequately addressed NYL's lone objection to
substitution: Plaintiffs provided a state court order, naming Kristi Lynn Simkins as
Diane Simkins's estate's personal representative and ordering that "[u]pon receipt
of Letters Testamentary, [Kristi Simkins] shall administer this estate without
further intervention of the Court and without bond, and is specifically authorized to
transfer all property of the estate without further Order of the Court." Dkt. No. 42-1
at 3-4. Plaintiffs' supplemental declaration also included a copy of the state court's
Letters Testamentary. Dkt. No. 42-2.

The Court finds that Plaintiffs have met the requirements for substitution
under Rule 25(a), and further finds no evidence of bad faith, undue delay, or
prejudice to NYL in allowing substitution.

### 3.  CONCLUSION

In sum, the Court GRANTS Plaintiffs' motion to amend their complaint and
to substitute the estate of Diane Simkins as a party. Plaintiffs may amend their
complaint as proposed under Dkt. No. 29-1 within seven days of entry of this Order.

Dated this 7th day of December, 2023.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING LEAVE TO AMEND COMPLAINT - 6