UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANE SIMKINS, KRISTI SIMKINS, PATRIC ROGERS, CHRISTER PERSSON, <br><br> Plaintiffs, <br><br> v. <br><br> NEW YORK LIFE INSURANCE COMPANY, and ILLUMIFIN CORPORATION, <br><br> Defendants. | CASE NO. 2:23-cv-578 <br><br> ORDER |

Before the Court is Plaintiffs Diane Simkins, Kristi Simkins, Patric Rogers, and Christer Persson's (collectively, "Plaintiffs") motion to compel. Dkt. No. 61. The Court heard oral argument on July 2, 2024. Dkt. No. 105. After reviewing the parties' briefing, the relevant record, and hearing argument, the Court GRANTS in part, and DENIES in part, Plaintiffs' motion as set forth below.

Plaintiffs accuse Defendant New York Life Insurance ("New York Life") of "openly violat[ing] the [discovery] rules" to the point of the "absurd." Dkt. No. 61 at 3. They seek broad relief, acknowledging that the remedies sought are "not typical." *Id.* New York Life says that it's played by the rules and that Plaintiffs' motion

**ORDER** - 1

contains "numerous misstatements, mischaracterizations, and falsehoods[.]" Dkt. No. 64 at 2. As is typical in discovery disputes, the truth is somewhere in between.

Parties may obtain discovery regarding any non-privileged matter relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information need not be admissible at trial to be discoverable. *Id.* Under LCR 37(a)(1), parties must certify that they have met and conferred before bringing a motion compel, specifying the "date, manner, and participants to the conference."

Plaintiffs certify that they met and conferred with New York Life before filing this motion, but New York Life argues Plaintiffs failed to satisfy the LCR 37(a)(1) standard. Even when a certification is included, "[c]ourts may look beyond the certification to determine whether a sufficient meet-and-confer took place." *Selim v. Fivos, Inc.*, No. C22-1227-JCC, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023) (citing *Cardoza v. Bloomin' Bands, Inc.,* 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015)). "A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, C13-1106-RSL, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014).

Plaintiffs filed this motion 24 hours after meeting and conferring with New York Life, but some of the issues raised have been discussed for months without resolution. During the parties' February 7, 2024, conference, New York Life proposed several compromises, but Plaintiffs rejected them. Dkt. No. 65 ¶¶ 2-3. During the pendency of this motion, the parties remained dug in on their relative positions. On this record, the Court is satisfied that the parties have hit an impasse

**ORDER** - 2

after meeting and conferring in good faith, and that judicial intervention is required. The Court will thus consider the merits of Plaintiffs' motion.

In its briefing and at oral argument, New York Life reiterated several of the proposals it had made during its last meet and confer with Plaintiffs. The Court finds that these are fair compromises to some of the issues raised in Plaintiffs' motion and orders as follows:

1. New York Life must also produce a privilege log, if it has not done so already, identifying any documents it has withheld on privilege grounds. Any privilege log must identify and describe the documents withheld in sufficient detail to enable the demanding party "to assess the claim" of privilege or protection. Fed. R. Civ. P. 26(b)(5)(A)(ii).

2. New York Life must certify its responses to Plaintiffs' requests for production in the fashion prescribed by Federal Rule of Civil Procedure 26(g)(1)(A). The certification must verify the signer's knowledge and belief *formed after a reasonable inquiry* that the production is *correct and complete*. This certification must also satisfy Federal Rule of Civil Procedure 26(g)(1)(B), which is typically required of discovery responses.

As for non-party witness Michael Flanigan, he has an individual obligation to produce documents in response to Plaintiffs' Rule 45 subpoena. To be sure, many of the same or similar documents may be obtained indirectly through discovery requests to New York Life given that Flanigan is a former New York Life insurance agent. But defendants do not get to choose which discovery devices a plaintiff can

**ORDER** - 3

employ, and in this case, Plaintiffs have served Flanigan with a subpoena—the only method by which discovery may be obtained directly from a third party. Flanigan—not New York Life—must respond to the subpoena with any responsive documents in his possession, custody, or control. The Court will not hold Flanigan in contempt at this time but will revisit the subject as necessary if he still fails to respond personally.

Plaintiffs also decry New York Life's use of so-called "boilerplate" objections. Many of New York Life's objections lack specificity, but they are not so lacking as to be deemed no objection at all. New York Life must, however, state whether *any* responsive materials are being withheld on the basis of objection or privilege. When an objection applies only to a portion of the documents requested, the responding party must identify the materials being withheld and produce the remainder. *See* Fed. R. Civ. P. 34(b)(2)(C).

Similarly, Plaintiffs accuse New York Life of obstructionist conduct during depositions. Plaintiffs attach seven *complete* deposition transcripts to make this point, but "'[j]udges are not like pigs, hunting for truffles buried in briefs' or the record." *Equal Emp. Opportunity Comm'n v. Telecare Mental Health Servs. of Washington, Inc.*, No. 2:21-CV-01339-BJR, 2023 WL 5348880, at *4 (W.D. Wash. Aug. 21, 2023) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The Court is not inclined to sift through hundreds of pages of deposition transcripts looking for misplaced objections, and the few exchanges that Plaintiffs highlight as particularly objectionable do not show a Rules violation or an utter lack of professionalism or decorum on the part of New York Life's counsel.

**ORDER** - 4

Plaintiffs' motion to compel is DENIED in all other respects. Because New York Life was substantially justified in opposing the motion, the Court will not impose fees.

Dated this 9th day of July, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 5